(Official Form 1) (10/05)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS CHICAGO DIVISION (EASTERN) | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Swain, Tommie** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Swain, Doretha** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>**xxx-xx-2908** | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>**xxx-xx-1501** |
| Street Address of Debtor (No. & Street, City, and State):<br>**624 Quail Run Road**<br>**Matteson, IL**<br>ZIPCODE **60443** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**624 Quail Run Road**<br>**Matteson, IL**<br>ZIPCODE **60443** |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business:<br>**Cook** |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [x] Individual (includes Joint Debtors)
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and provide the information requested below.)

State type of entity:

**Nature of Business** (Check all applicable boxes.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Nonprofit Organization qualified under 15 U.S.C. § 501(c)(3)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 13
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- [x] Consumer/Non-Business
- [ ] Business

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined by 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Filing Fee** (Check one box)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|

| (Official Form 1) (10/05) | FORM B1, Page 2 |
|---|---|

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s):   **Tommie Swain** <br> **Doretha Swain** |
|---|---|

**Prior Bankruptcy Case Filed Within Last 8 Years**   (If more than two, attach additional sheet)

| Location Where Filed: <br> **Northern District, Eastern Division** | Case Number: <br> **05-01668** | Date Filed: <br> **1/19/2005** |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor**   (If more than one, attach additional sheet)

| Name of Debtor: <br> **None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

<table>
<tr>
<td>
<b>Exhibit A</b><br>
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>
☐  Exhibit A is attached and made a part of this petition.
</td>
<td>
<b>Exhibit B</b><br>
(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>
I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>
<b>X</b>  <u>/s/ Mark R. Schottler</u>          09/05/2006<br>
      <b>Mark R. Schottler</b>                 Date
</td>
</tr>
<tr>
<td>
<b>Exhibit C</b><br>
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>
☐  Yes, and Exhibit C is attached and made a part of this petition.<br>
☑  No
</td>
<td>
<b>Certification Concerning Debt Counseling<br>by Individual/Joint Debtor(s)</b><br><br>
☑  I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br>
☐  I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances.  (Must attach certifcation describing.)
</td>
</tr>
</table>

**Information Regarding the Debtor (Check the Applicable Boxes)**

**Venue**   (Check any applicable box)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding (in a federal or state court) in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**

*Check all applicable boxes.*

☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

      Name of landlord that obtained judgment:
      Address of landlord:

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2006 (Build 7.5.9.48, ID 2734541996)*

(Official Form 1) (10/05)                                                                                           FORM B1, Page 3

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):   **Tommie Swain**<br>**Doretha Swain** |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Tommie Swain
    **Tommie Swain**

**X** /s/ Doretha Swain
    **Doretha Swain**

    Telephone Number (If not represented by an attorney)
    **09/05/2006**
    Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

### Signature of Attorney

**X** /s/ Mark R. Schottler
    **Mark R. Schottler**          Bar No. **6238871**

**Schottler & Associates**
**10 S. LaSalle**
**Suite 3410**
**Chicago, IL  60603**

Phone No.**(312) 236-7200**  ____ Fax No._____

    09/05/2006
    Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that:  1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.)

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**_____

Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Address
**X**_____

_____
Date

Signature of Bankruptcy Petiton Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both (11 U.S.C. § 110; 18 U.S.C. § 156).

Form B6A
(10/05)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE: **Tommie Swain**                                      CASE NO
**Doretha Swain**

                                                            CHAPTER   **13**

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint Or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| 624 Quail Run Road<br>Matteson, IL 60443 | Fee Simple | J | $220,000.00 | $203,979.80 |
| | | Total: | **$220,000.00** | |

(Report also on Summary of Schedules)

Form B6B
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:    **Tommie Swain**                                        CASE NO
         **Doretha Swain**
                                                         CHAPTER    **13**

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account @ LaSalle Bank | J | $150.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Necessary and normal household goods | J | $1,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Necessary wearing apparel | J | $425.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Life Insurance Policy (Term) | J | $0.00 |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| | | | Total > | $1,575.00 |

Form B6B
(10/05)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION (EASTERN)

IN RE:  **Tommie Swain**                                          CASE NO
**Doretha Swain**

CHAPTER   **13**

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | | 401(k) | H | $1,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| | | | **Total  >** | **$2,575.00** |

Form B6B
(10/05)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### CHICAGO DIVISION (EASTERN)

IN RE:  **Tommie Swain**                                    CASE NO
       **Doretha Swain**
                                                           CHAPTER    **13**

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1996 Dodge Caravan | J | $1,500.00 |
| | | 1997 Dodge Interpid | J | $2,000.00 |
| | | | **Total  >** | **$6,075.00** |

Form B6B
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **Tommie Swain**                                    CASE NO
        **Doretha Swain**
                                                           CHAPTER   **13**

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |
| | | | Total  > | **$6,075.00** |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **Tommie Swain**                                    CASE NO
        **Doretha Swain**

                                                           CHAPTER   **13**


## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT


Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                            $125,000.

☐  11 U.S.C. § 522(b)(2)
☑  11 U.S.C. § 522(b)(3)


| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| 624 Quail Run Road<br>Matteson, IL 60443 | 735 ILCS 5/12-901 | $16,020.20 | $220,000.00 |
| Checking account @ LaSalle Bank | 735 ILCS 5/12-1001(b) | $150.00 | $150.00 |
| Necessary and normal household goods | 735 ILCS 5/12-1001(b) | $1,000.00 | $1,000.00 |
| Necessary wearing apparel | 735 ILCS 5/12-1001(a), ( e) | $425.00 | $425.00 |
| Life Insurance Policy (Term) | 735 ILCS 5/12-1001(h)(3) | $0.00 | $0.00 |
| 401(k) | 735 ILCS 5/12-1006 | $1,000.00 | $1,000.00 |
| 1996 Dodge Caravan | 735 ILCS 5/12-1001(c) | $1,500.00 | $1,500.00 |
| 1997 Dodge Interpid | 735 ILCS 5/12-1001(c) | $900.00 | $2,000.00 |
| | | **$20,995.20** | **$226,075.00** |

Form B6D
(10/05)

IN RE: **Tommie Swain**
      **Doretha Swain**

CASE NO _____
                          (If Known)

CHAPTER **13**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxx6557**<br><br>**GMAC Mortgage**<br>**500 Enterprise Road Ste 150**<br>**Po Box 969**<br>**Horsham, Pennsylvania 19044** | | J | DATE INCURRED:<br>NATURE OF LIEN:<br>**Mortgage**<br>COLLATERAL:<br>**624 Quail Run Road**<br>REMARKS:<br><br><br>VALUE:                        **$220,000.00** | | | | **$167,000.00** | |
| ACCT #: **xxxxx6557**<br><br>**GMAC Mortgage**<br>**500 Enterprise Road Ste 150**<br>**Po Box 969**<br>**Horsham, Pennsylvania 19044** | | J | DATE INCURRED:       **Various**<br>NATURE OF LIEN:<br>**Mortgage arrears**<br>COLLATERAL:<br>**624 Quail Run Road**<br>REMARKS:<br><br>VALUE:                         **$25,000.00** | | | | **$25,000.00** | |
| ACCT #: **xxxxxx-xx-xxx513-9**<br><br>**Household Finance**<br>**961 Weigel Drive**<br>**Po Box 8606**<br>**Elmhurst, IL 60126** | | J | DATE INCURRED:<br>NATURE OF LIEN:<br>**Second Mortgage**<br>COLLATERAL:<br>**624 Quail Run Road**<br>REMARKS:<br><br><br>VALUE:                        **$220,000.00** | | | | **$36,979.80** | |
| ACCT #: **xxxxxx-xx-xxx513-9**<br><br>**Household Finance**<br>**961 Weigel Drive**<br>**Po Box 8606**<br>**Elmhurst, IL 60126** | | J | DATE INCURRED:       **Various**<br>NATURE OF LIEN:<br>**Mortgage arrears**<br>COLLATERAL:<br>**624 Quail Run Road**<br>REMARKS:<br><br>VALUE:                          **$6,700.00** | | | | **$6,700.00** | |
| | | | | | | | | |

_____**No**_____ continuation sheets attached

Subtotal (Total of this Page) > **$235,679.80**

Total (Use only on last page) > **$235,679.80**

(Report total also on Summary of Schedules)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **Tommie Swain**                                    CASE NO
        **Doretha Swain**
                                                           CHAPTER    **13**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☑ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. Secs. 326, 328, 329 and 330.

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**2**_____continuation sheets attached

IN RE: **Tommie Swain**
**Doretha Swain**

CASE NO _____
(If Known)

CHAPTER **13**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

*Continuation Sheet No. 1*

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: **xxx-xx-2908**<br>**Internal Revenue Service**<br>**230 S. Dearborn Stop 5016-CHI**<br>**Stop 5016-CHI**<br>**Chicago, IL 60604** | | H | DATE INCURRED: **2003-2005**<br>CONSIDERATION:<br>**Taxes**<br>REMARKS: | | | | $4,342.99 | $4,342.99 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | Total for this Page (Subtotal) > | | | $4,342.99 | $4,342.99 |
| | | | | Running Total > | | | $4,342.99 | $4,342.99 |

IN RE: **Tommie Swain**
**Doretha Swain**

CASE NO _____
(If Known)

CHAPTER **13**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

*Continuation Sheet No. 2*

| TYPE OF PRIORITY | Administrative allowances |
| --- | --- |

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ACCT #:<br>**Schottler & Associates**<br>**10 S. LaSalle**<br>**Suite 3410**<br>**Chicago, IL  60603** | | H | DATE INCURRED: **08/14/2006**<br>CONSIDERATION:<br>**Attorney Fees**<br>REMARKS: | | | | $1,500.00 | $1,500.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | Total for this Page (Subtotal) > | | $1,500.00 | $1,500.00 |
| | | | | | Running Total > | | $5,842.99 | $5,842.99 |

IN RE: **Tommie Swain**
**Doretha Swain**

CASE NO _____
(If Known)

CHAPTER **13**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xx-xx-xx4693**<br>**Adler & Associates**<br>**25 E. Washington Street**<br>**Suite 500**<br>**Chicago, IL 60602** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Attorney for - Harvest Credit Management**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  **xxx9362**<br>**Allied Data Corporation**<br>**13111 Westheimer, Suite 400**<br>**Houston, TX 77077-5547** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Avon Morton Grove**<br>REMARKS: | | | | **$735.69** |
| ACCT #:  **xxxx-xxxx-xxxx-2334**<br>**Allied Interstate**<br>**P.O. Box 361343**<br>**Columbus, OH 43236** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Renaissance/Household**<br>REMARKS: | | | | **$1,981.85** |
| ACCT #:  **xxxxxxxxx1937**<br>**American Express**<br>**P.O. Box 297884**<br>**Ft. Lauderdale, FL 33329-7884** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$2,717.00** |
| ACCT #:  **xxxxxxxxxx9778**<br>**Arrow Financial Service**<br>**21031 Network Place**<br>**Chicago, IL 60678-1031** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Wal-Mart**<br>REMARKS: | | | | **$673.35** |
| ACCT #:  **x8457**<br>**Arrow Financial Service**<br>**21031 Network Place**<br>**Chicago, IL 60678-1031** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Encyclopedia Brittanica**<br>REMARKS: | | | | **$2,144.96** |
| ACCT #:  **xxxx2789**<br>**Asset Acceptance LLC**<br>**P.O. Box 2036**<br>**Warren, MI 48090-2036** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Home Depot**<br>REMARKS: | | | | **$706.00** |

_____**5**_____continuation sheets attached

Subtotal >    **$8,958.85**

Total (Use only on last page of the completed Schedule F) >

IN RE:  **Tommie Swain**
**Doretha Swain**

CASE NO _____
(If Known)

CHAPTER  **13**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

*Continuation Sheet No. 1*

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxxxxxxx7871<br>**Blatt, Hasenmiller, Leibsker & Moore, LL**<br>**125 S. Wacker Drive**<br>**Suite 400**<br>**Chicago, IL 60606** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Collections**<br>REMARKS: | | | | $3,316.20 |
| ACCT #:  xxxxxxxx1119<br>**Capital Management Services, Inc.**<br>**726 Exchange Street, Suite 700**<br>**Buffalo  NY  14210** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Sherman Aquisition LP**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxxx-xxxx-xxxx-3564<br>**Capital One Services**<br>**P.O. Box 85015**<br>**Richmond, VA 23285-5015** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $1,223.00 |
| ACCT #:  xxxxxx6436<br>**Charter One Bank**<br>**P.O. Box 1206**<br>**Oaks, PA 19456-1206** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Overdraft Fees**<br>REMARKS: | | | | $804.00 |
| ACCT #:  xxxxxxx1135<br>**Chase Bank One**<br>**100 Duffy Ave.**<br>**Hicksville, NY 11801** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $5,064.00 |
| ACCT #:  xxD131<br>**City of Chicago**<br>**Bureau of Parking**<br>**333 S. State Street - Room 540**<br>**Chicago, IL 60604** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Parking Ticket(s)**<br>REMARKS: | | | | $700.00 |
| ACCT #:  xxxx0227<br>**Credigy Receivables**<br>**Po Box 2689**<br>**Suwanee, GA 30024** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for -Discover**<br>REMARKS: | | | | $10,783.53 |

Subtotal > | $21,890.73

Total (Use only on last page of the completed Schedule F) >

IN RE: **Tommie Swain**
**Doretha Swain**

CASE NO _____
(If Known)

CHAPTER **13**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

*Continuation Sheet No. 2*

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxx7510<br>**Creditors Collection Bureau**<br>**PO BOX 63**<br>**Kankakee, IL 609010063** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Medical Bills**<br>REMARKS: | | | | **$367.00** |
| ACCT #:  9687<br>**Discover Card**<br>**P.O. Box 15192**<br>**Wilmington, DE 19850-5192** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxxx-xxxx-xxxx-3013<br>**Financial Recovery Services, Inc.**<br>**P.O. Box 385908**<br>**Minneapolis, MN 55438-5908** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Sherman Acquistion LLP**<br>REMARKS: | | | | **$1,618.34** |
| ACCT #:  xxxx0227<br>**First National Collection Bureau, Inc.**<br>**3631 Warren Way**<br>**Reno, NV 89509** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Discover Card**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxxxxxxx0005<br>**First Northern American National Bank**<br>**1800 Parkway**<br>**Marietta, GA 300678200** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$7,145.00** |
| ACCT #:  xxx752-4<br>**Go-More Financial, Inc.**<br>**605 Highway 55 East**<br>**P.O. Box 270**<br>**Buffalo, MN 55313-0270** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Mid Atlantic Capital**<br>REMARKS: | | | | **$5,114.61** |
| ACCT #:  xxxx-xxxx-xxxx-9607<br>**Harvest Credit Management IV**<br>**C/O Machol & Johannes PC**<br>**Dominion Plaza Suite 800 North**<br>**600 Seventeenth Street**<br>**Denver, CO 80202** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Judgment/ Direct Merchants Bank**<br>REMARKS: | | | | **$3,636.49** |

Subtotal > | **$17,881.44**

Total (Use only on last page of the completed Schedule F) >

IN RE:  **Tommie Swain**
**Doretha Swain**

CASE NO _____
                    (If Known)

CHAPTER  **13**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

*Continuation Sheet No. 3*

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxx-xx-2908**<br>**Internal Revenue Service**<br>**230 S. Dearborn Stop 5016-CHI**<br>**Chicago, IL 60604** | | H | DATE INCURRED:  **1993-1998**<br>CONSIDERATION:  **1040 Taxes**<br>REMARKS: | | | | **$30,000.00** |
| ACCT #:  **xxxxxxxxxx9395**<br>**JC Penny**<br>**P.O. Box 960001**<br>**Orlando, FL 32836-0001** | | J | DATE INCURRED:<br>CONSIDERATION:  **Credit Card**<br>REMARKS: | | | | **$2,517.01** |
| ACCT #:  **7124**<br>**Jefferson Capital System**<br>**PO Box 23051**<br>**Columbus, OH 31902** | | W | DATE INCURRED:<br>CONSIDERATION:  **Collecting for - Midland Credit/ Spiegel**<br>REMARKS: | | | | **$2,454.00** |
| ACCT #:  **xxx3397**<br>**Law Office of of Frank Montgomery**<br>**Po Box 69**<br>**Blomingdale, IL 60108** | | J | DATE INCURRED:<br>CONSIDERATION:  **Collecting for -  Quinlan Fabish**<br>REMARKS: | | | | **$1,008.00** |
| ACCT #:  **xxxxx6-R6P**<br>**Law Office Of Richard D. Seierstad**<br>**P.O. Box 570**<br>**Sauk Rapids, MN 56379-0570** | | J | DATE INCURRED:<br>CONSIDERATION:  **Attorney for - Bose Corp.**<br>REMARKS: | | | | **$989.12** |
| ACCT #:  **xxxxxx64-10**<br>**Law Offices of Mitchell N. Kay**<br>**P.O. Box 2374**<br>**Chicago, IL 60690-2374** | | J | DATE INCURRED:<br>CONSIDERATION:  **Collecting for - Credigy Services Corp.**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  **xxxxxx99-10**<br>**Law Offices of Mitchell N. Kay**<br>**P.O. Box 2374**<br>**Chicago, IL 60690-2374** | | H | DATE INCURRED:<br>CONSIDERATION:  **Collecting for - Victoria's Secret**<br>REMARKS: | | | | **$1,142.25** |

Subtotal >   **$38,110.38**

Total (Use only on last page of the completed Schedule F) >

IN RE: **Tommie Swain**
**Doretha Swain**

CASE NO _____
(If Known)

CHAPTER **13**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

*Continuation Sheet No. 4*

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: **xxxx-xxxx-xxxx-1863**<br>**Merrick Bank**<br>**PO BOX 5721**<br>**Hicksville, NY 11802-5721** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$743.00** |
| ACCT #: **xxx6088**<br>**Mutual Hospital Collect**<br>**2525 N. Shadeland Ave.**<br>**Suite 101**<br>**Indianapolis, IN 42619-1794** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Med1 St. James Olympia Fields Hos**<br>REMARKS: | | | | **$1,885.00** |
| ACCT #: **119**<br>**NCM TRST**<br>**8245 Tournament Dr Ste 285**<br>**Memphis, TN 38125** | | W | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Sears**<br>REMARKS: | | | | **$1,725.53** |
| ACCT #: **xxxxxxx4007**<br>**Oxford Collection Service**<br>**135 Maxess Road**<br>**Suite 2A**<br>**Melville, NY 11747** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Charter One**<br>REMARKS: | | | | **Notice Only** |
| ACCT #: **xxxxxxx/xxx2721**<br>**Performance Capital Management**<br>**222 S. Harbor Blvd.**<br>**Suite 400**<br>**Anaheim, CA 92805** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - FNANB/ Circuit City**<br>REMARKS: | | | | **$14,914.00** |
| ACCT #: **xxx9126**<br>**Pierce & Associates**<br>**1 N. Dearborn**<br>**Suite 1300**<br>**Chicago, IL 60602** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Attorney for - GMAC Mortgage Corp.**<br>REMARKS: | | | | **Notice Only** |
| ACCT #: **xxxxxx/ xx2961**<br>**Receivables Management**<br>**3348 Ridge Rd.**<br>**Lansing, IL 60438** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for- Village of Matteson**<br>REMARKS: | | | | **$160.00** |

| | |
|---|---|
| Subtotal > | **$19,427.53** |
| Total (Use only on last page of the completed Schedule F) > | |

IN RE:   **Tommie Swain**
**Doretha Swain**

CASE NO _____
(If Known)

CHAPTER   **13**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
*Continuation Sheet No. 5*

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **7871**<br>**Sherman Acquisition LP**<br>**Resurgent Capital Services**<br>**Po Box 10587**<br>**Greenville, SC 29603** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - GE Capital**<br>REMARKS: | | | | $3,234.00 |
| ACCT #:  **xxxx10.00**<br>**True Logic Financial Corporation**<br>**7100 E. Belleview Avenue**<br>**Suite 308**<br>**Englewood, CO 80111-1634** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | $0.00 |
| ACCT #:  **xxxxx2174**<br>**Wolpoff & Abramson, LLP**<br>**702 King Farm Blvd.**<br>**Rockville, MD 20850-5775** | | H | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Palisades Collection LLC**<br>REMARKS: | | | | $4,183.74 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | Subtotal > | $7,417.74 |
| | | | | | | Total (Use only on last page of the completed Schedule F) > | $113,686.67 |

Form B6G
(10/05)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain**                                                CASE NO
         **Doretha Swain**
                                                                         CHAPTER   **13**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

Form B6H
(10/05)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE: **Tommie Swain**
         **Doretha Swain**

CASE NO

CHAPTER      **13**

## SCHEDULE H - CODEBTORS

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Form B6I
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE: **Tommie Swain**                                    CASE NO
      **Doretha Swain**
                                                          CHAPTER   **13**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12, or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | |
|---|---|---|---|
| **Married** | Relationship:  Son        Age:  15 | Relationship:        Age: | |

| Employment | Debtor | Spouse | |
|---|---|---|---|
| Occupation | Sales | Hair Dresser | |
| Name of Employer | Value City Furniture | Self Employed | |
| How Long Employed | 1 year 7 months | | |
| Address of Employer | 2100 River Oak Drive | | |
| | River Oaks, IL 60409 | | |

| INCOME:  (Estimate of average monthly income) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1.  Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $1,473.85 | $0.00 |
| 2.  Estimate monthly overtime | $0.00 | $0.00 |
| 3.  SUBTOTAL | **$1,473.85** | **$0.00** |
| 4.  LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes (includes social security tax if b. is zero) | $355.64 | $0.00 |
|    b. Social Security Tax | $62.62 | $0.00 |
|    c. Medicare | $0.00 | $0.00 |
|    d. Insurance | $0.00 | $0.00 |
|    e. Union dues | $0.00 | $0.00 |
|    f. Retirement | $0.00 | $0.00 |
|    g. Other (specify)    Life Insurance | $82.07 | $0.00 |
|    h. Other (specify) | $0.00 | $0.00 |
|    i. Other (specify) | $0.00 | $0.00 |
|    j. Other (specify) | $0.00 | $0.00 |
|    k. Other (specify) | $0.00 | $0.00 |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | **$500.33** | **$0.00** |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | **$973.52** | **$0.00** |
| 7.  Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | $3,166.00 |
| 8.  Income from real property | $0.00 | $0.00 |
| 9.  Interest and dividends | $0.00 | $0.00 |
| 10. Alimony, maintenance or support payments payable to debtor for the debtor's use or that of dependents listed above. | $0.00 | $0.00 |
| 11. Social Security or government assistance (specify) | $0.00 | $0.00 |
| 12. Pension or retirement income | $0.00 | $0.00 |
| 13. Other monthly income (specify) | | |
|    a. Net Commissions - After Tax | $1,990.00 | $0.00 |
|    b. | $0.00 | $0.00 |
|    c. | $0.00 | $0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | **$1,990.00** | **$3,166.00** |
| 15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$2,963.52** | **$3,166.00** |

16.  TOTAL COMBINED MONTHLY INCOME:  **$6,129.52**                    (Report also on Summary of Schedules)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)**

IN RE: **Tommie Swain**
**Doretha Swain**

CASE NO

CHAPTER   **13**

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $2,356.00 |
|    a. Are real estate taxes included?  ☑ Yes  ☐ No | |
|    b. Is property insurance included?  ☐ Yes  ☑ No | |
| 2. Utilities:  a. Electricity and heating fuel | $300.00 |
|          b. Water and sewer | $35.00 |
|          c. Telephone | $44.00 |
|          d. Other: | |
| 3. Home maintenance (repairs and upkeep) | $50.00 |
| 4. Food | $400.00 |
| 5. Clothing | $50.00 |
| 6. Laundry and dry cleaning | $25.00 |
| 7. Medical and dental expenses | $25.00 |
| 8. Transportation (not including car payments) | $175.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | |
| 10. Charitable contributions | $80.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|          a. Homeowner's or renter's | $49.00 |
|          b. Life | |
|          c. Health | |
|          d. Auto | $76.00 |
|          e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| Specify: | |
| 13. Installment payments: (In Chapter 11, 12, and 13 cases, do not list payments included in the plan) | |
|          a. Auto: | |
|          b. Other:  Second Mortgage | $549.23 |
|          c. Other: | |
|          d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $1,175.00 |
| 17.a. Other: | |
| 17.b. Other: | |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | **$5,389.23** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **None.**

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Total monthly income from Line 16 of Schedule I | $6,129.52 |
| b. Total monthly expenses from Line 18 above | $5,389.23 |
| c. Monthly net income (a. minus b.) | $740.29 |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain**                                      CASE NO
         **Doretha Swain**

                                                              CHAPTER    **13**

## EXHIBIT TO SCHEDULE J

## Itemized Business Expenses

**Hair Stylist**

| Expense | Category | Amount |
|---|---|---|
| Booth Rental | Rent | **$650.00** |
| Hair Products & Supplies | Office Supplies | **$125.00** |
| Income Tax Set Aside | Taxes | **$400.00** |
| | **Total >** | **$1,175.00** |

Form 6-Summary
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain**                                            CASE NO
         **Doretha Swain**
                                                                    CHAPTER   **13**


# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from
Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the
debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.
Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $220,000.00 | | |
| B - Personal Property | Yes | 4 | $6,075.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $235,679.80 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 3 | | $5,842.99 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | $113,686.67 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $6,129.52 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $5,389.23 |
| | | Total > | $226,075.00 | $355,209.46 | |

Form 6-Summary
(10/05)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)**

IN RE:    **Tommie Swain
Doretha Swain**

CASE NO

CHAPTER    **13**

## Statistical Summary of Certain Liabilities (28 U.S.C. § 159)
## [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | **$0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | **$4,342.99** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | **$0.00** |
| Student Loan Obligations (from Schedule F) | **$0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | **$0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | **$0.00** |
| **TOTAL** | **$4,342.99** |

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain**                                        CASE NO
         **Doretha Swain**
                                                                 CHAPTER   **13**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**22**_____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

(Total shown on summary page plus 1.)

Date  **09/05/2006**_____        Signature __**/s/ Tommie Swain**_____
                                                       **Tommie Swain**

Date  **09/05/2006**_____        Signature __**/s/ Doretha Swain**_____
                                                       **Doretha Swain**

                                            [If joint case, both spouses must sign.]

---

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:  **Tommie Swain**
        **Doretha Swain**

CASE NO

CHAPTER   **13**

## STATEMENT OF FINANCIAL AFFAIRS

---

None ☐

### 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $51,185.00 | Year to date - Joint Income |
| $50,901.00 | 2005 |
| $75,446.00 | 2004 |

---

None ☑

### 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None ☑

a.  Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☐

### 4. Suits and administrative proceedings, executions, garnishments and attachments

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Pierce & Associates**<br>**1 N. Dearborn**<br>**Suite 1300**<br>**Chicago, IL 60602** | **Foreclosure** | **In The Circuit Court of Cook County Chancery Division** | **Pending** |

**02-CH--14588**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)**

IN RE:  **Tommie Swain**
**Doretha Swain**

CASE NO

CHAPTER    **13**

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 1*

| | | | |
|---|---|---|---|
| **Harvest Credit Management** **03M1-104693** | **Collections** | **Cook County** | **Judgment** |
| **Midland Credit Management** **03M1-125105** | **Collections** | **Cook County** | **Judgment** |

**v.**

**Doretha Swain**

---

None ☑  b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☐  **5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Pierce & Associates** **1 N. Dearborn** **Suite 1300** **Chicago, IL 60602** | **Pending** | **624 Quail Run Road** **Matteson, IL 60443** |

---

None ☑  **6. Assignments and receiverships**

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑  b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑  **7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑  **8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain**                                          CASE NO
         **Doretha Swain**
                                                                  CHAPTER   **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 2*

---

None ☐

### 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Schottler & Associates 10 S. LaSalle Suite 3410 Chicago, IL  60603 | 08/14/2006 | $726.00 |

---

None ☑

### 10. Other transfers

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

None ☑

### 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

### 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

### 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

### 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

---

None ☑

### 15. Prior address of debtor

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain**
         **Doretha Swain**

CASE NO

CHAPTER   **13**

## <u>STATEMENT OF FINANCIAL AFFAIRS</u>

*Continuation Sheet No. 3*

---

**16. Spouses and Former Spouses**

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

**18. Nature, location and name of business**

None ☑

a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

**NAME, ADDRESS, AND LAST FOUR DIGITS OF**

---

None ☑

b.**TAXPAYER I.D. NO.**Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain**                                    CASE NO
         **Doretha Swain**
                                                             CHAPTER   **13**

## <u>STATEMENT OF FINANCIAL AFFAIRS</u>

*Continuation Sheet No. 4*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **09/05/2006**                              Signature _____ **/s/ Tommie Swain**
                                                  of Debtor          **Tommie Swain**

Date  **09/05/2006**                              Signature _____ **/s/ Doretha Swain**
                                                  of Joint Debtor    **Doretha Swain**
                                                  (if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. Sections 152 and 3571*

B201 (04/09/06)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain
         Doretha Swain**

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.  You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

## 1.  Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days BEFORE the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:   Liquidation  ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)
1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

2.  Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law.  Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income
### ($235 filing fee, $39 administrative fee: Total fee $274)

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under Chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain**
      **Doretha Swain**

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman      ($200 filing fee, $39 administrative fee: Total fee $239)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:**   Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of Compliance with § 342(b) of the Bankruptcy Code

I, _____**Mark R. Schottler**_____, counsel for Debtor(s), hereby certify that I delivered to the Debtor(s) the Notice required by § 342(b) of the Bankruptcy Code.

**/s/ Mark R. Schottler**
_____
Mark R. Schottler, Attorney for Debtor(s)
Bar No.: 6238871
Schottler & Associates
10 S. LaSalle
Suite 3410
Chicago, IL  60603
Phone: (312) 236-7200

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | | |
|---|---|---|
| **Tommie Swain** | **X  /s/ Tommie Swain** | **09/05/2006** |
| **Doretha Swain** | Signature of Debtor | Date |
| Printed Name(s) of Debtor(s) | **X  /s/ Doretha Swain** | **09/05/2006** |
| Case No. (if known) _____ | Signature of Joint Debtor (if any) | Date |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain**                                          CASE NO
         **Doretha Swain**
                                                                   CHAPTER    **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept:                    **$2,500.00**

   Prior to the filing of this statement I have received:          **$1,000.00**

   Balance Due:                                                    **$1,500.00**

2. The source of the compensation paid to me was:
   ☑ Debtor            ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor            ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

| CERTIFICATION |
|---|
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. |

| **09/05/2006** | **/s/ Mark R. Schottler** | |
|---|---|---|
| *Date* | *Mark R. Schottler* | Bar No.  6238871 |
| | Schottler & Associates | |
| | 10 S. LaSalle | |
| | Suite 3410 | |
| | Chicago, IL  60603 | |
| | Phone: (312) 236-7200 | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **Tommie Swain**                                CASE NO
           **Doretha Swain**

                                                                CHAPTER    **13**

## <u>VERIFICATION OF CREDITOR MATRIX</u>

       The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.


Date  <u>09/05/2006</u>                            Signature  <u>/s/ Tommie Swain</u>
                                                               ***Tommie Swain***


Date  <u>09/05/2006</u>                            Signature  <u>/s/ Doretha Swain</u>
                                                                ***Doretha Swain***

Adler & Associates
25 E. Washington Street
Suite 500
Chicago, IL 60602


Allied Data Corporation
13111 Westheimer, Suite 400
Houston, TX 77077-5547


Allied Interstate
P.O. Box 361343
Columbus, OH 43236


American Express
P.O. Box 297884
Ft. Lauderdale, FL 33329-7884


Arrow Financial Service
21031 Network Place
Chicago, IL 60678-1031


Asset Acceptance LLC
P.O. Box 2036
Warren, MI 48090-2036


Blatt, Hasenmiller, Leibsker & Moore, LL
125 S. Wacker Drive
Suite 400
Chicago, IL 60606


Capital Management Services, Inc.
726 Exchange Street, Suite 700
Buffalo  NY  14210


Capital One Services
P.O. Box 85015
Richmond, VA 23285-5015

Charter One Bank
P.O. Box 1206
Oaks, PA 19456-1206


Chase Bank One
100 Duffy Ave.
Hicksville, NY 11801


City of Chicago
Bureau of Parking
333 S. State Street - Room 540
Chicago, IL 60604


Credigy Receivables
Po Box 2689
Suwanee, GA 30024


Creditors Collection Bureau
PO BOX 63
Kankakee, IL 609010063


Discover Card
P.O. Box 15192
Wilmington, DE 19850-5192


Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN 55438-5908


First National Collection Bureau, Inc.
3631 Warren Way
Reno, NV 89509


First Northern American National Bank
1800 Parkway
Marietta, GA 300678200

GMAC Mortgage
500 Enterprise Road Ste 150
Po Box 969
Horsham, Pennsylvania 19044


Go-More Financial, Inc.
605 Highway 55 East
P.O. Box 270
Buffalo, MN 55313-0270


Harvest Credit Management IV
C/O Machol & Johannes PC
Dominion Plaza Suite 800 North
600 Seventeenth Street
Denver, CO 80202

Household Finance
961 Weigel Drive
Po Box 8606
Elmhurst, IL 60126


Internal Revenue Service
230 S. Dearborn Stop 5016-CHI
Chicago, IL 60604


Internal Revenue Service
230 S. Dearborn Stop 5016-CHI
Stop 5016-CHI
Chicago, IL  60604


JC Penny
P.O. Box 960001
Orlando, FL 32836-0001


Jefferson Capital System
PO Box 23051
Columbus, OH 31902


Law Office of of Frank Montgomery
Po Box 69
Blomingdale, IL 60108

Law Office Of Richard D. Seierstad
P.O. Box 570
Sauk Rapids, MN 56379-0570


Law Offices of Mitchell N. Kay
P.O. Box 2374
Chicago, IL 60690-2374


Merrick Bank
PO BOX 5721
Hicksville, NY 11802-5721


Mutual Hospital Collect
2525 N. Shadeland Ave.
Suite 101
Indianapolis, IN 42619-1794


NCM TRST
8245 Tournament Dr Ste 285
Memphis, TN 38125


Oxford Collection Service
135 Maxess Road
Suite 2A
Melville, NY 11747


Performance Capital Management
222 S. Harbor Blvd.
Suite 400
Anaheim, CA 92805


Pierce & Associates
1 N. Dearborn
Suite 1300
Chicago, IL 60602


Receivables Management
3348 Ridge Rd.
Lansing, IL 60438

Schottler & Associates
10 S. LaSalle
Suite 3410
Chicago, IL  60603


Sherman Acquisition LP
Resurgent Capital Services
Po Box 10587
Greenville, SC 29603


True Logic Financial Corporation
7100 E. Belleview Avenue
Suite 308
Englewood, CO 80111-1634


Wolpoff & Abramson, LLP
702 King Farm Blvd.
Rockville, MD 20850-5775